UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRAVIS PITTMAN,

    Applicant,

v.                                                CASE NO. 8:15-cv-62-T-23AEP

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

    Pittman applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for two counts each of lewd and lascivious battery and lewd and lascivious molestation, for which he is imprisoned for thirty years. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 13) The respondent correctly argues that the application is time-barred.

    The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2254 application for the writ of habeas corpus. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Pittman's conviction was final on September 9, 2010,[1] and the limitation expired one year later, absent tolling for a state post-conviction proceeding. Pittman let 328 days elapse before filing a state Rule 3.850 motion for post-conviction relief. (Respondent's Exhibit 10) Tolling continued until July 28, 2014, when the mandate issued. (Respondent's Exhibit 14) Pittman had 37 days remaining (365 − 328 = 37). Consequently, Pittman's federal one-year deadline was September 3, 2014 (July 28, 2014 + 37 days = September 3, 2014). Pittman dated his federal application December 31, 2014.

Recognizing that his application is untimely, in his reply (Doc. 22) Pittman asserts entitlement to equitable tolling, which he recognizes requires both due diligence and extraordinary circumstances. The one-year limitation established in Section 2244(d) is not jurisdictional and, as a consequence, "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).

---

[1] Pittman's direct appeal concluded on June 11, 2010. (Respondent's Exhibit 8) The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't Corr.*, 292 F.3d 1347 (11th Cir. 2002).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Pittman must meet both requirements, and he controls the first requirement — due diligence — but not the second requirement — extraordinary circumstances. The failure to meet either requirement precludes equitable tolling. Regarding the first requirement, an applicant's "lack of diligence precludes equity's operation," 544 U.S. at 419, but "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 560 U.S. at 653 (internal quotations and citations omitted). To satisfy the second requirement, Pittman must show extraordinary circumstances both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Pittman asserts that he diligently contacted inmate law clerks to file his state motion for post-conviction relief and that an inmate law clerk erroneously represented that no federal limitation exists. Pittman contends that his having to rely upon an inmate law clerk is an extraordinary circumstance that should excuse his untimely applying for relief under Section 2254. An "extraordinary circumstance" justifying equitable tolling is shown by neither ignorance of one's legal rights, *Jackson v. Asture*, 506 F.2d 1349, 1356 (11th Cir. 2007), nor an allegedly deficient prison law library, *Helton v. Sec'y, Dep't of Corr.*, 259 F.3d 1310, 1313–14 (11th Cir. 2001), *cert.*

*denied*, 535 U.S. 1080 (2002), nor limited or restricted access to a prison law library. *Miller v. Florida*, 307 Fed. App'x 366, 367–68 (11th Cir. 2009)[2] ("[E]ven restricted access to a law library, lock-downs, and solitary confinement do not qualify as [extra]ordinary circumstances warranting equitable tolling."). This lack of entitlement to equitable tolling is further explained in *Paulcin v. McDonough*, 259 Fed. App'x 211, 213 (11th Cir. 2007), *cert. denied* 555 U.S. 1086 (2008):

> In *Akins v. United States*, 204 F.3d 1086, 1089–90 (11th Cir. 2000), the movant argued for equitable tolling because (1) he was subjected to lockdowns in jail for several months, during which he could not access the law library, and (2) prison officials misplaced his legal papers for a period of time. After noting the movant had ample time to file his motion when these impediments did not exist, we declined to apply equitable tolling. *Id.* at 1090 (evaluating a § 2255 habeas motion). In *Dodd v. United States*, 365 F.3d 1273, 1282–83 (11th Cir. 2004), the movant argued for equitable tolling because he was transferred to a different facility and detained there for over ten months without access to his legal papers. We stated "*Akins* suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." *Id.* at 1283. In *Dodd*, the movant never claimed his detention was unconstitutional, inappropriate, or outside of routine practice, and we found that the circumstances were not extraordinary. *Id.* (evaluating a § 2255 habeas motion).

As a consequence, Pittman shows no entitlement to equitable tolling, and federal review of his application is time-barred.

Accordingly, the application for the writ of habeas corpus is **DISMISSED** as time-barred. The clerk must close this case.

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.

- 5 -

### DENIAL OF BOTH
### A CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Pittman is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Pittman must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly time-barred, Pittman cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, because Pittman is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Pittman must pay the full $505 appellate filing fee unless the circuit court allows Pittman to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on November 25, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE